Good morning. May it please the court. Thank you, Your Honor. I represent Mr. Storholm on this appeal and pursuant to the court's order, the first question for the day is whether the appeal is moot. I spoke to my client yesterday by telephone. He was planning on getting on a plane this morning and leaving the facility, BOP facility in Ohio, coming back to Minnesota. But it's not moot because I think even as the Saunders court recognizes, he's still subject to lifetime supervised release. Saunders indicated that in that case, the appellant was not, therefore, future supervised release does not pose the possibility of collateral consequences that would avoid mootness. Let me just push you on the contrary argument. I think it's very difficult because of the way it was argued. I think the argument here is that the Sally Mann nude pictures should not have been within the scope of the condition. But there's nothing to say that he's going to repeat that behavior after having his release revoked. You're not arguing that the condition itself is necessary. I guess you are with the overbreath, but at least on the main violate, you're arguing the violation should have never happened because it didn't violate the conditions. I wonder as to that, whether or not that is moot. Whether what is moot? Whether as to the violation itself. No chance of repetition. Yeah. The Sally Mann pictures, that violation is over and done with. Whether or not he violated supervised release last time is moot. Well, no. I disagree. I would point you, first of all, to the sentencing guidelines, Section 7C1.2 regarding revocations of supervised release. This was a grade C violation because it wasn't a violation of any law. Just an alleged violation of the condition. Under the guidance and the guidelines here, if any grade C violation happens again, the probation officer may or may not report it to the court. One of the things they have to consider is whether the violation is minor and not a part of a continuing pattern of violations. If this violation is upheld merely by virtue of it becoming moot for this court, then it's there and will be considered by the court whenever something else might happen in the future. That also violates the fundamental maxim that you do not presume that a defendant is going to violate the law again. That's a fundamental mootness bedrock principle. I get it. There's a high likelihood this guy might because he has a few times, but that's the problem with that argument, I think. Well, I also think it is capable of repetition while evading review because if it's a grade C violation and you only get a year, getting resolution in this court within that time is almost impossible. It happens, but it's very unlikely. I think it's not moot by any of these reasons. The actual issue for resolution is not that. It's either do these images meet the criteria or don't they? It seems to me that the government's argument before the court is that they might not have been objectively sexually oriented or sexually stimulating, but we think they were to the defendant here. The condition itself does not say, well, this is conditioned on whether you might think. It says, are they sexually oriented or sexually stimulating? Objectively, they are not. No person can make that. The government has not made that argument. You have the photos or the images. I would be very surprised if you came to a contrary conclusion. What do you make, though, of the fact, and they make this argument, which is that they're similar sort of in nature to the pictures that got him in trouble in the first place of his own, I think, kids, stepkids or something like that. Therefore, we already know that he would find them sexually stimulating. That presumes that he found the other one sexually stimulating. There's no record of that at all. The record you're speaking of comes from his own statement saying, I thought that they were similar. I've heard this from other clients where, well, if John Elton can have that photo and he's not accused of a crime, why can't I have this photo? They're no different. That's what that's about. There's no evidence that he found the original ones sexually stimulating. That gets beyond what I'm saying. It has to be objective, the standard. The condition itself is phrased objectively. I don't have a lot more to argue about that. In the government's brief, they seem to suggest that his search for certain terms and for certain things suggested that by that alone he violated the condition. That was not the basis for the violation here. It was not actually suggested as the basis for a violation. It's important evidence to show willfulness. That's the only reason it's important that he consciously looked for these images as opposed to merely by happenstance happen to have them. That's the only importance of it. The images themselves do not qualify, just pure and simple. I will say whatever I have for rebuttal. Thank you. Ms. Buzicki? Good morning. May it please the Court. My name is Kate Buzicki. I represent the United States on this appeal. Your Honor, I'll begin where my colleague did with the question of mootness. The case the Court pointed the parties to, Saunders, is an excellent road map for what the Court needs to consider here to lead to the only possible conclusion in this case. This matter is moot. In Saunders, the Court made very clear that the burden is on the defendant's face that could be redressed by a favorable decision in this case. He simply can't find one. As we know and as everyone acknowledges, he is either released from the custody of the BOP right now or he will be shortly after this morning. We know that the defendant will not face any ongoing consequence related to supervised release that he would not otherwise have had. How can the argument that the condition is unconstitutionally vague and broad as applied to this person be moot? Your Honor, first of all, the government wholly objects to the way that the defense raised the issue of the constitutional claim. He was required to raise my biggest concern this morning. Understood, Your Honor. The defendant had a condition that prevented him from looking at sexually stimulating material without first consulting his probation officer and having consultation with his treatment provider. That condition is not unconstitutional. In fact, it has been upheld. We've held it's not facially unconstitutional. Yes. We haven't talked about it as applied. I'll come to my bottom line. It necessarily applies to an individual, right? Just because it might apply constitutionally elsewhere, it still has to apply to this defendant in this circumstance. Absolutely, Your Honor. All right. How can this constitutionally not apply this unconstitutional undefined word stimulating? How can that constitutionally be applied to a person who cannot physically be stimulated? Your Honor, the United States' position on this matter is that the defendant's testimony was wholly incredible. He stated that he knew about the images. He learned about them because of some kind of... That's not answering... It's asserted in the briefs that he cannot be stimulated. And the district court was entirely able to assess that testimony and find it incredible. Did the court make a finding? They did not, Your Honor, but it rejected... And where's the evidence to the contrary? Your Honor, the government... The government has a burden of proof. Absolutely, Your Honor. The government presented evidence that the defendant heard about objective... Well, let's say factually his assertion is factual. So the government's position is as long as the probation officer... As long as he doesn't approve, this guy's guilty. And I don't think our... You get to our nudity cases and so forth. That just can't hold up to me. Your Honor, I'd go back to the language of the condition. If I'm right now, if my colleagues should happen to agree, what would that do to this case? This appeal? Your Honor, if the court finds that the defendant has an argument relating to the constitutional issue, it still has to overcome the fact that he did not move to dismiss the violation, which he's required to do under Key and Lecomte. He did not do that. So at best, he's in the plain error realm. I'm talking plain error. And the district court assessed all the evidence, the testimony of the probation officer, the images... He didn't make a finding on this question. No, he did not, Your Honor. And I'll bet the government didn't even consider it, didn't even treat it as an issue. Your Honor... If I read all the pleadings and whatever transcript there might be. Your Honor, this was a defendant who repeatedly lied to his probation officer and was caught lying during the hearing itself. He stated that he did not look up... But this is an objectively provable up or down fact. Whether or not he can be sexually stimulated? I think it depends... Whether he's gotten too old. Your Honor, I think it depends on a couple of factors. First, we have to look at the whole language of the condition, which is sexually oriented or sexually stimulating. So the district court considered that entire language of the... You didn't need to hear it. That was a given. Your Honor, I'd also point out the fact that this would be a paradigmatic instance if we credit the defendant's supposed reason for wanting to look at this material, where consultation with the treatment provider and the probation officer would be extremely helpful. The defendant claimed that he wanted to do this so that he could do legal research related to his Minnesota predatory offender status. That would be... Can I ask you the... We've been kind of jumping around on this, but I want to know exactly... You said there was no motion to dismiss the condition. How was the unconstitutional vagueness and over-breath, how was that raised, if at all, before the district court? Was it raised at the revocation hearing? It was not, Your Honor. It never came up until the appeal in this matter. So this is the first time. Yes, Your Honor. So would the district court then... I mean, I'm trying to figure out how the district court would have had an opportunity to make necessarily that express finding if you have no objection at the revocation hearing. I guess you would say that the district court really wasn't clued into it. Absolutely, Your Honor. The district court could have considered this issue, and certainly given the amount of appellate litigation and district court litigation about this condition going back now more than a year or 15 years probably, the district court would have been well-placed to consider these types of arguments and could have made certain findings if it had known that this was something that the defendant thought was a constitutional violation as applied. And again, as I stated a moment ago, the defendant, what he claimed he wanted to do would be an ideal situation to do what the condition requires, which is consult with your probation officer, consult with your treatment provider, and make sure that this is within the goals of treatment, the rehabilitative aspect of supervised release, and does not pose any concerns about safety of children. Do you think this goes back, and I hate to bring this up, but even at the district court level, but with the probation officer as well, is this sort of like, I think it was Potter Stewart who says, we know it when we see it. Is that kind of the land we're in, which is we've got vague terms, sexually stimulating, and I forget the other one, and sort of we're putting a probation officer, that's okay, but that's not so great. I don't know. It just does seem, it seems like we're back in that land, which is I know obscenity when I see it. Your Honor, I respectfully disagree, and the reason I would is from the probation officer's testimony. She had training and knew from her training and experience that the art of Sally Mann and the terms family nudism and naturism were terms that people in the sex offender community used to bypass restrictions on what they could access, view, or otherwise use. And so this was a well-known dynamic in the community of people that are supervised in the federal context, and that these terms fit exactly with what her training told her was a red flag. So that's why I don't think it's a I know it when I see it. I think it's a we have decades now of therapeutic and probationary research and knowledge and on-the-job training about sex offenders and what they need to rehabilitate, and we know some of the red flags include search terms just like this. So it goes beyond just what you know when you see. So, Your Honor, we think in this case the court was well within its discretion to determine that the images and the search terms violated the condition. The defendant did not seek permission, even though he easily could have, and there may have been an open argument about whether or not he could look at these images for an actual legitimate legal research purposes. But more importantly, Your Honor, this case is moot. The defendant is being released today. When he is released, he will be subject to the exact same supervised release conditions that he had ever since he left prison. Couldn't he challenge it literally tomorrow? Couldn't he go into the district court and say, hey, I don't like this condition any more than I did and raise the exact same challenge? Your Honor, I don't think he could challenge the condition itself because that is something that he would have to do at the appropriate time within the rules of an appeal of a particular condition. He certainly could have challenged the condition because it was reapplied in this appeal, but he did not. And if he has a new violation, this would affect the penalty? If he has a new violation, this would not affect the penalty, Your Honor, and that's one of the quirks of a lifetime term of supervised release. A lifetime term of supervised release, any previous term of imprisonment that's imposed, does not affect the district court's ability to oppose more incarceration or the length of that incarceration. So it's very different from a term of years in the supervised release context. So really the defendant has not identified any condition that would not render this case moot. We ask the court to affirm the decision of the district court. Thank you. Thank you. First of all, as to the last question, whether this would affect the penalty that might be imposed, it does affect whether any penalty is imposed at all because it affects whether the probation officer exercises his or her discretion to report it to the court under the section of the guidelines that I referenced earlier. So it's certainly real in that regard. I don't understand that. It does affect what? It affects whether the violation, if it is even reported at all, because under the guidelines, the probation officer has- That's completely speculative. I mean, that's in the hands of the probation office. And a pattern of violations is what triggers the discretion of the probation officer to bring it to the court. That's not the only thing. Well, true, it's not the only thing, but it is explicitly a thing. And so it's not nothing. It is something that can indeed affect whether another violation or potential violation gets reported at all. Here, as counsel suggested, the probation officer thought this was a red flag. So the probation officer reported it to the court as a violation. On the overbreath and the vagueness point, is opposing counsel correct that it has never been raised except on appeal? It wasn't raised before the district court revocation or when the condition was imposed? I don't know about when it was imposed. I wasn't there. But at the revocation, it was not raised because it's an as-applied challenge. Well, there was no facial challenge to this that would be successful because this court has already approved of the condition. So it would have to be an as-applied challenge. And the as-applied happened when the court made its ruling and, no, there was no objection made for the record. Okay. So then we're in plain error land, I think, because even constitutional errors are subject to plain error. So then we've got to go through the clear or obvious. Do you agree with that? I agree that it's of the nature of plain error. I can't tell you. But I think if it's constitutionally overbroad, then it certainly is plain error. That's a facial argument. It gets a lot more questionable than an as-applied. In this case, the only question is whether as-applied because the condition itself has already been approved. But you made a general assertion that I'm not sure carries from facial cases to as-applied cases, of which there are very few. Well, the way it was applied in this case was so extraordinarily overbroad, considering the images that we're looking at, that it certainly crosses, I think, the line that you're referring to. Suppose we disagree, though, and say, oh, this was a close call. Maybe a little overbroad. Maybe you can make an argument, probably shouldn't have done this, but really close call. Then plain error can do some work, right? Because then we could say, well, the error here was not clear or obvious. Then it might be more difficult for the court. I agree. I have just a couple seconds left. More difficult for who? I'm sorry? You just said might be more difficult. Might be a more difficult question to resolve than one that's... And I guess that's all I have. Thank you very much.